IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MATTHEW J. WRIGHT, | ) | |
| | ) | |
| Movant, | ) | Case No.   CV-08-14-E-BLW |
| | ) | CR-06-90-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Movant's Motion to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255

(Docket No. 1 in civil case).[1]  Having reviewed the record, and being otherwise

fully informed, the Court enters the following Order denying the § 2255 Motion.

**REVIEW OF 28 U.S.C. § 2255 MOTION**

**A.    Background and Summary of Issues**

Movant ("Wright") was charged in Count One with possession of a firearm

by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), in Count Two with

possession of a stolen firearm in violation of 18 U.S.C. § 922(j), in Count Three

_____

[1]  Unless otherwise noted, all further docket numbers will refer to the
underlying criminal case.

**Memorandum Decision and Order - 1**

with possession with intent to distribute methamphetamine in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(C), and in Count Four with use of a firearm in

furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).

*Indictment* (Docket No. 1).  All charges were alleged to have arisen out of conduct

occurring on March 10, 2006, and involving the same 9mm Ruger pistol.  *Id.*

Wright pled guilty to possession of a firearm by a prohibited person and use of a

firearm in furtherance of a drug trafficking offense, Counts One and Four,

respectively.  *Plea Agreement* (Docket No. 14); *Minute Entry* (Docket No. 16).

As part of the Plea Agreement, Wright agreed that at the time of his arrest on

the Fort Hall Indian Reservation, the Ruger was found in his vehicle, he was in

possession of methamphetamine, he intended to distribute at least some of the

methamphetamine in his possession, he needed the gun for his protection, he had

previously been convicted of possession of a firearm by a prohibited person before

this Court, and the firearm has been previously shipped or transported in interstate

commerce.  *Plea Agreement* at 2 and 3 (Docket No. 14).  For its part, in addition to

dismissing the remaining counts and the supervised release petition pending in

Case No. CR-04-21-E-BLW, the Government agreed that it would move for a third

level reduction for acceptance of responsibility if Wright qualified for the two-

level reduction under USSG § 3E1.1(a).  *Plea Agreement*, ¶ B.1 at 4-5 (Docket No.

**Memorandum Decision and Order - 2**

14).  The Plea Agreement did not contain a provision for a departure under USSG

§ 5K1.1 for substantial assistance.

The draft Presentence Report contemplated a base offense level of 14

pursuant to § 2K1.2(a)(6)(A), a 2-level enhancement for obstruction of justice

pursuant to § 3C1.1 based on Wright's escape from custody four days after his

arrest, and no reduction for acceptance of responsibility.  The resulting total

offense level was 16 which, with a criminal history category of VI, yielded a

guideline range of 46-57 months on Count One.  With the mandatory minimum of

at least five years pursuant to 18 U.S.C.  § 924(c)(1)(A) on Count Four, the

guideline range was 106 to 117 months.

Wright objected to the obstruction of justice enhancement on the grounds

that he had been in jail for a supervised release violation and not for the charges

alleged in the Indictment.  *Objection to Presentence Report* (Docket No. 18).  He

further objected to the failure to apply an adjustment for acceptance of

responsibility.  *Id*.

In the Addendum addressing the objections, the Probation Officer

maintained her position that the guidelines were calculated correctly insofar as

obstruction of justice and acceptance of responsibility were concerned.  However,

she also determined that based on relevant conduct, the cross reference at

**Memorandum Decision and Order - 3**

§ 2K2.1(c)(1)(A) should have been applied.  That cross reference directed – via reference to § 2X1.1 – that the drug guideline, § 2D1.1, be used in calculating the offense level.  Accordingly, the Probation Officer revised the draft Presentence Report based on § 2D1.1 calculating a base offense level of 24, a 2-level obstruction of justice enhancement, and no adjustment for acceptance of responsibility.  The resulting total offense level was 26 which, with a criminal history category of VI, yielded a guideline range of 120 to 150 months on Count One.  However, the range was capped at the 120-month statutory maximum applicable to Count One.

Wright then filed objections to the application of the cross reference in the revised Presentence Report.  *Objection to Presentence Report* (Docket Nos. 20 and 21).  In addition to maintaining his original objections, Wright contended that using the cross reference to the drug guideline would have the effect of double-counting the offense conduct.  The Probation Officer maintained her position on all issues.  *Second Addendum* and *Third Addendum*.

The final Presentence Report concluded that the applicable guideline range would be 180 months based on a 120-month sentence on Count One and a mandatory consecutive sentence of at least 60 months on Count Four.  Despite the guideline range, the Probation Officer recommended a sentence of 216 months

**Memorandum Decision and Order - 4**

consisting of 120 months on Count One and 96 months on Count Four.

*Sentencing Recommendation*.  The stated justification for the above-guideline

sentence recommendation was Wright's extensive criminal history (14 points), two

prior convictions for illegally possessing firearms, violations during each of his

three prior periods of supervised release, and the dismissal of the supervised

release violation petition that would have resulted in a 30- to 37-month sentence to

be served consecutively to the sentence in this case.  *Id*.

After hearing extensive argument at sentencing and conducting independent

research, the Court determined that the cross reference should not apply.  *Sent. Tr.*

at 56-57.  It further determined that the base offense level was 14, that the

obstruction of justice enhancement should not apply, that Wright was entitled to an

adjustment for acceptance of responsibility, and that the Government's § 5K1.1

motion for a 2-level departure for substantial assistance should be granted.[2]  *Sent.*

*Tr.* at 7-8; 32; and 51;  *Sent. Min. Entry* (Docket No. 27).  Finally, the Court found

the total offense level to be 12 which, with an criminal history category of VI,

resulted in a guideline range of 30 to 37 months on Count One.  The mandatory

consecutive sentence of five years on Count Four increased the overall guideline

---

[2]  The Government moved for a § 5K1.1 departure despite the fact that there
was no provision for such in the Plea Agreement.

**Memorandum Decision and Order - 5**

range to 90 to 97 months.  *Sent. Tr.* at 58.

The Court then considered the 18 U.S.C. § 3553(a) sentencing factors and concluded that the totality of the circumstances dictated a sentence of 60 months on Count One which, coupled with the 60-month consecutive sentence on Count Four, resulted in a sentence of 120 months.  Wright did not appeal.

Wright timely filed the pending § 2255 Motion.[3]  Wright alleged several grounds for relief, some of which are duplicative of or overlapping with others: (1) specific performance based on an alleged agreement with the Government, (2) illegal search and seizure, (3) ineffective assistance of counsel for failure to comply with his request to file a notice of appeal, (4) failure of the Government to move for a § 5K1.1 departure, (5) the Court's alleged consideration of improper factors in determining the sentence, (6) ineffective assistance of counsel for failure to file a motion to suppress based on an allegedly illegal search and seizure of the firearm, (7) ineffective assistance of counsel for failure to file a motion to suppress "pre-Miranda" statements, (8) failure to reduce sentence for substantial assistance

---

[3]  Judgment was entered on January 4, 2007.  The § 2255 Motion was received by the Court for filing on January 10, 2008, over a year later.  However, given that the Government did not raise a timeliness issue, and the § 2255 Motion was dated December 23, 2007, the Court will assume that it was mailed or placed in the prison's legal mail system by January 4, 2008 even though Wright has not submitted a certificate of mailing indicating compliance.

**Memorandum Decision and Order - 6**

and acceptance of responsibility and "incorrect criminal history points," (9) illegal search and seizure of his vehicle, (10) coerced confession, (11) ineffective assistance of counsel for failure to file a motion for an evidentiary hearing, and (12) "U.S. Government recommended 2 point downward departure for assisting them (5K1.1)."

In its Response, the Government addressed only the claim of ineffective assistance of counsel for failure to file a notice of appeal.  *Response* (Docket No. 6 in civil case).  Along with its Response, the Government submitted defense counsel's affidavit addressing that issue.

### B.   Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle an individual to relief.  *See United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003)* (citing *United States v. McMullen*, 98 F.3d 1155,

**Memorandum Decision and Order - 7**

1159 (9th Cir.1996)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If it does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. *See Blackledge v. Allison,* 431 U.S. 63, 67 (1977); *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir. 1994). On the other

**Memorandum Decision and Order - 8**

hand, where, assuming the truth of the specific factual allegations when viewed against the record, the movant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve any factual dispute before the Court can make a determination on the merits.  *See United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003)* (citations omitted).

### C.    Discussion

A § 2255 motion is generally not considered until any appeal is exhausted or the time for filing an appeal has expired.  *U.S. v. LaFromboise, 427 F.3d 680, 686* (*9th Cir. 2005*) (citing *Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987)*). Therefore, if relief were granted on the claim of ineffective assistance of counsel for failure to file a notice of appeal, it would be premature to consider the other claims.  However, given that the Court finds below that the notice of appeal claim is subject to dismissal, the Court will address the remaining claims as well. Because many of the ineffective assistance of counsel claims are based on other claims, those claims will be addressed first.  Furthermore, because several of the claims overlap, the Court will group them according to subject matter.

### 1.    Coerced Plea

In Ground 10, Wright alleges that he was told by detectives that any statements he made would result in leniency but that they instead used the

**Memorandum Decision and Order - 9**

information to file more charges against him in addition to the supervised release violations.

Detective Blackhawk testified at the sentencing hearing on direct examination, cross examination, and in response to questions of the Court that he and Detective Kempf told Wright that he was being interviewed regarding his possession of the methamphetamine and the handgun found on him when he was arrested on the supervised release violation, that the information would be given to the U.S. Attorney's office, and that the U.S. Attorney's office would decide whether to bring additional charges. *Sent. Tr.* at 24-25.  He further testified that they told Wright that they would advise the U.S. Attorney's office of his cooperation and that the cooperation might be helpful to him with regard to the supervised release violations as well as any new charges that may be filed. *Sent. Tr.* 26-29.

Detective Blackhawk's testimony corroborates Wright's allegation that the detectives suggested he could receive leniency based on any cooperation he provided.  Wright does not allege that the detectives told him that new charges would not be filed.  Indeed, it was the U.S. Attorney's decision and not the detectives' decision to file new charges.  Although the U.S. Attorney filed new charges, it ultimately dismissed the supervised release petition in return for

**Memorandum Decision and Order - 10**

Wright's plea.

The general rule is that a statement is involuntary if it is obtained by any sort of threats of violence, any direct or implied promises, or the exertion of any improper influence.  However, the rule does not invalidate all statements made in response to a promise by law enforcement personnel.  *United States v. Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988)* (citations omitted).  Rather, standing alone,

> [a]n interrogating agent's promise to inform the government prosecutor about a suspect's cooperation does not render a subsequent statement involuntary, even when it is accompanied by a promise to recommend leniency or by speculation that cooperation will have a positive effect.  *See United States v. Brandon, 633 F.2d 773, 777 (9th Cir.1980); United States v. Glasgow, 451 F.2d 557, 558 (9th Cir.1971); Fernandez-Delgado v. United States, 368 F.2d 34, 35-36 (9th Cir.1966).*

*Guerrero, 847 F.3d at 1366*.  A promise of leniency coupled with threats, other "coercive practices," or a threat to inform the prosecutor of a failure to cooperate may render a plea involuntary.  *Id. n.2*.  However, Wright has not alleged any coercion other than a recommendation of leniency.  Accordingly, Wright's claim of involuntary plea is subject to dismissal.

### 2.    Substantial Assistance

Collectively, in Grounds 1 and 4, Wright alleges that the Government promised a reduction in his sentence in return for information he provided against

**Memorandum Decision and Order - 11**

certain local methamphetamine dealers.  In Ground 1, he requests specific performance of the agreement.  In Ground 4, he alleges that he made statements to certain law enforcement officials but did not get the downward departure as promised.  However, in Ground 12, Wright appears to acknowledge that the Government did recommend a downward departure.

The Court notes that there was no provision in the Plea Agreement obligating the Government to move for a § 5K1.1 departure based on substantial assistance.  *Plea Agreement* (Docket No. 14).  Nevertheless, the Government did make an oral § 5K1.1 motion for a 2-level departure based on information Wright provided regarding pending Fort Hall Indian Reservation cases that assisted in furthering several investigations.  *Sent. Tr.* at 7-8.  In making the motion, the Government noted that some of the information Wright provided "was somewhat tenuous."  *Sent. Tr.* at 7.

To the extent that Wright is alleging that the Government failed to make the § 5K1.1 motion in return for the information he provided, Grounds 1 and 4 are clearly rebutted by the record and subject to dismissal.

In Ground 12, Wright states only that the Government recommended a § 5K1.1 departure.  The Court assumes that he intended to further allege that despite the recommendation, the Court failed to grant it.  This claim is technically

**Memorandum Decision and Order - 12**

rebutted by the record.  The Court granted the departure after inquiring of defense

counsel whether he wanted to argue that a greater reduction was warranted.[4]  *Sent.*

*Tr.* at 8.  However, as alleged in Ground 8, despite granting the departure, the

Court apparently did not factor in the 2-level departure when calculating the

guideline range immediately prior to imposing sentence.  *See Sent. Tr.*  at 58.

The Court's apparent error in calculating the adjusted offense level had no

affect on the sentence given that the Court was quite clear that regardless of the

guideline range, the appropriate sentence given the totality of the circumstances

was 60 months on the firearm possession charge.  *Sent. Tr.* at 58-62; 65; 68-69.  In

other words, the Court did not determine that a sentence "x" number of months or

"x" number of levels above the guideline range was necessary to reflect the

aggravating circumstances.  Rather, the Court determined that 60 months was the

minimum sentence necessary to meet all of the goals of sentencing.  Indeed, the

Court commented at least twice that the sentence likely should have been higher.

*Sent. Tr.* at 65; 68.  Accordingly, the Court's error in not deducting the 2-level

departure did not prejudice Wright because it had no affect on the sentence

---

[4]  Defense counsel declined to argue for a greater reduction.  The Court
presumes that this was a tactical decision given that there was no § 5K1.1
provision in the Plea Agreement and the Government referred to the information
provided by Wright as "somewhat tenuous."  *Sent. Tr.* 7.

**Memorandum Decision and Order - 13**

imposed.

### 3.      Acceptance of Responsibility and Criminal History

In Ground 8, Wright alleges that he was not granted an adjustment for acceptance of responsibility and that his criminal history points were not correctly calculated.

Wright's claim that he did not receive an adjustment for acceptance of responsibility is rebutted by the record.  The Court advised the parties at the beginning of the hearing of its position that Wright was entitled to an adjustment for acceptance of responsibility even if he was also subject to an obstruction of justice enhancement.  *Sent. Tr.* at 5.  The Government agreed and moved for the third level reduction for acceptance of responsibility and the Court granted the motion.  *Sent. Tr.* at 11-13.  However, because the Court ultimately did not apply the cross reference recommended by the Probation Officer, the offense level was less than 16.  A defendant is entitled to a third level reduction for acceptance of responsibility only where the offense level is 16 or greater.  USSG § 3E1.1.  In any event, Wright did receive the acceptance of responsibility adjustment, albeit a 2-level rather than a 3-level adjustment.[5]  *Sent. Tr.* at 51.

---

[5]  Had the Court applied the cross reference, the base offense level would have been 24 and the reduction for acceptance of responsibility would have been 3 levels, for a total offense level of 21.  This obviously would have resulted in a

**Memorandum Decision and Order - 14**

Finally, Wright's claim that his criminal history points were not correctly calculated is conclusory and totally devoid of any supporting facts. Accordingly, it is subject to dismissal.

### 4.      Illegal Search and Seizure

In Ground 2, Wright alleges "fruits of the poisonous tree doctrine" and alleges "illegal search and seizure" as the supporting facts. *§ 2255 Motion* at 4. In Ground 9, he again alleges illegal search and seizure based on the fact that his vehicle was legally parked with the windows rolled up when the arresting officers saw him coming out of a store. *§ 2255 Motion* at 8. The basis for these claims is somewhat clarified by Wright's allegations of ineffective assistance of counsel for failure to file motions to suppress as discussed below. Implicit in these allegations is the argument that evidence of the firearm should have been suppressed. However, regardless of the basis for the claims, they are subject to dismissal.

A review of the record reveals that the Court complied with the provisions of Fed. R. Crim. P. 11 at the plea hearing in that it ascertained that Wright was competent to enter a plea, that he had adequately reviewed his case with counsel,

---

significantly higher sentence than that resulting from a base offense level of 14 with a 2-level reduction for acceptance of responsibility resulting in a total offense level of 12.

**Memorandum Decision and Order - 15**

and that his plea was freely and voluntarily given.  Furthermore, the Court

reviewed the rights Wright would give up by pleading guilty, the elements of the

crimes to which he pled guilty, the respective statutory maximum sentences, the

need to consider the advisory Sentencing Guidelines and the relevant 18 U.S.C.

§ 3553(a) factors, and thoroughly reviewed the Plea Agreement.  *See Plea Hearing*

*Minutes* (Docket No. 16).

By entering a valid plea of guilty, Wright is precluded from raising a claim

related to a constitutional deprivation preceding his guilty plea.  *See Tollett v.*

*Henderson*, 411 U.S. 258, 267 (1973).  The Supreme Court explained some years

later that *Tollett* recognized that

> . . . when a defendant is convicted pursuant to his guilty
> plea rather than a trial, the validity of that conviction
> cannot be affected by an alleged Fourth Amendment
> violation because the conviction does not rest in any way
> on evidence that may have been improperly seized. . . .
> [T]he conclusion that a Fourth Amendment claim
> ordinarily may not be raised in a habeas proceeding
> following a plea of guilty . . . rests on the simple fact that
> the claim is irrelevant to the constitutional validity of his
> conviction.

*Haring v. Prosise*, 462 U.S. 306, 321 (1983) (citations omitted).

Even if Wright had not pled guilty, his claim based on illegal search and

seizure would fail.  Fourth Amendment claims are not cognizable in § 2255

**Memorandum Decision and Order - 16**

proceedings.  *See Stone v. Powell*, 428 U.S. 465, 486-89; 495 (1976) (reaffirming

that the exclusionary rule exists to deter Fourth Amendment violations by law

enforcement personnel rather than to remedy a wrong against a defendant and as

such is a "judicially created remedy rather than a personal constitutional right").

*See also Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986) (recognizing *Stone*

but declining to extend *Stone* prohibition to ineffective assistance of counsel claims

based on alleged Fourth Amendment violations).

### 5.    Improper Sentencing Factors

In Ground 5, Wright alleges that it was improper for the Court in sentencing

him to state "he could not give me less than 120 months without it affecting his

conscience.  I don't see where his conscience plays any part in the length of my

sentence."  *§ 2255 Motion* at 7 (Docket No. 1 in civil case).

It is unclear that judges are  precluded from allowing their conscience to

affect their sentencing decisions.  But, in this case, the reference to "conscience"

was clearly just an attempt to explain the Court's conclusion that the defendant's

background and criminal conduct posed such a danger to the community that a

prison sentence which exceeded the guideline range was necessary.  The Court had

made it perfectly clear that it was sentencing above the guideline range because

Wright had two prior convictions for illegally possessing a firearm, he presented a

**Memorandum Decision and Order - 17**

serious risk to the public due to his propensity to use and possess drugs in conjunction with firearms, and his history demonstrated a high likelihood of reoffending.  *Sent. Tr.* 59-60; 62; and 65.   Indeed, as mentioned above, the Court had commented more than once that it was perhaps making a mistake by not imposing an even longer sentence.  *Sent. Tr.* 65; 68.

### 6.      Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.  *See Strickland v. Washington, 466 U. S. 668 (1984)*.  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  *See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989)*.

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland, 466 U.S. at 688*.  Under the performance prong, there is a strong presumption that counsel's  performance falls "within the wide range of reasonable professional assistance."  *Id. at 689*.  This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ."  *Id.*  For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of

**Memorandum Decision and Order - 18**

hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).   In

evaluating the performance prong, the court should "assess counsel's overall

performance throughout the case in order to determine whether the 'identified acts

or omissions' overcome the presumption that a counsel rendered reasonable

professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

        In order to establish prejudice, a defendant must affirmatively prove by a

reasonable degree of probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.

The *Strickland* standard is "highly demanding." *Kimmelman*, 477 U.S. at 381-82.

        The *Strickland* two-part test is also applicable to a case in which a defendant

contends that his counsel was constitutionally inadequate during the guilty plea

process. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985).  To show prejudice in the guilty

plea context, a defendant must show "that there is a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial" or received a better plea agreement.  *Hill*, 474 U.S. at 58-59; *United

States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004).  Part of the prejudice

determination is the likelihood a more favorable outcome at trial.  *Hill*, 474 U.S. at

59.

        Both prongs of the *Strickland* test must be met "before it can be said that a

**Memorandum Decision and Order - 19**

conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

### a.    Failure to File Notice of Appeal

In Ground 3, Wright alleges that he had requested defense counsel to appeal the "unreasonable sentence" but that counsel had failed to do so. The Court notes that the Plea Agreement allowed Wright to file a § 2255 motion if the Court imposed a sentence above the advisory guideline range. *See Plea Agreement*, ¶ B.3. at 8.

In response to this allegation, the Government obtained an affidavit from defense counsel based on his recollection and notes of discussions with Wright. According to the affidavit, after sentencing, he and Wright had several conversations about the possible merits of an appeal that culminated in his advising Wright that success would be very doubtful given "the way in which the Court

**Memorandum Decision and Order - 20**

fashioned its sentence," that at no time did Wright request that he file a notice of appeal, and that Wright appeared to agree with the apparent fruitlessness of an appeal. *Affidavit of Steven Richert*, ¶ 5 (Docket No. 6-2 in civil case).

Ineffective assistance of counsel claims for failure to file a notice of appeal are evaluated under the *Strickland* test. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Where a defendant specifically instructs counsel to file a notice of appeal, failure to do so constitutes ineffective assistance of counsel, and the lost chance to appeal constitutes prejudice. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196-98 (9th Cir. 2005). However, where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must first determine whether counsel consulted with the defendant regarding an appeal. *Flores-Ortega*, 528 U.S. at 477-78 (2000). If counsel has not done so, then the court must determine whether that failure to consult in and of itself constituted deficient performance. *Id.*

Here, it is undisputed that defense counsel did consult with Wright regarding an appeal. Wright does not rebut or deny defense counsel's sworn affidavit stating that they had several discussions about the apparent futility of the appeal and that Wright appeared to agree with that assessment. *Reply* (Docket No. 8 in civil case). Rather, he merely states in an unsworn filing that he does not recall a conversation

**Memorandum Decision and Order - 21**

that the appeal would not be worthwhile.[6] *Id.*

The Court does not view this as a factual dispute requiring an evidentiary hearing such as would be required where a prisoner said he directed counsel to file a notice of appeal and counsel denied that he was so directed. Here, the fact that the Court imposed a sentence above the guidelines may have initially appeared to Wright to be grounds for appeal. The Court will assume that his request to appeal prompted the ensuing discussions about the merits of an appeal. However, Wright did not request an appeal following discussions with counsel.

The record amply supports defense counsel's position given the Court's emphatic reasoning for imposing a sentence above the guidelines and the risk of the Government's filing a cross-appeal on the cross reference issue had Wright appealed. *See Sent. Tr.* at 57 (Court stated it was "strongly encouraging an appeal" by the Government on the cross reference issue). On the other hand,

---

[6] In his Reply, Wright goes beyond the allegation in Ground 3 of his § 2255 motion and states that he wanted to appeal three other issues as well: (1) failure to receive a 3-level adjustment for acceptance of responsibility; (2) failure to receive a downward departure for providing assistance to the Government; and (3) failure of counsel to argue against the possession charge on the grounds that there was no probable cause to search for the weapon. He did not allege failure to appeal those grounds in his § 2255 Motion, and he did not allege that he consulted with counsel about those issues. Therefore, the Court will only consider the claim of failure to appeal the reasonableness of the sentence.

**Memorandum Decision and Order - 22**

Wright's allegations are vague and conclusory and fail to establish that he ultimately directed counsel to appeal after their discussions.  *Cf. Sanders v. United States*, 341 F.3d 720, 722-23 (8th Cir. 2003) (finding where counsel submitted affidavit describing advice given to defendant and impressions of defendant's unwillingness to plead guilty and defendant did not submit any affidavits or evidence of his own, that record corroborated counsel's impression rather than defendant's conclusory assertion).  Accordingly, Ground 3 is subject to dismissal.

### b.     Failure to File a Motion to Suppress Firearm

In Ground 6, Wright alleges the firearm was seized in an illegal search and seizure of his car and that defense counsel was deficient in failing to file a motion to suppress.

To prevail on a claim of ineffective assistance of counsel for failing to file a motion to suppress evidence seized in an unlawful search, a prisoner must prove (1) that his Fourth Amendment claim was meritorious, and (2) that there is a reasonable probability that the result of the proceeding would have been different absent the excludable evidence.  *See Kimmelman*, 477 U.S. at 375.

Wright's reasoning for challenging the seizure of the firearm is that he was inside a convenience store when he was noticed by the arresting officer, that the arresting officer had not seen him driving his vehicle prior to his arrest (Docket

**Memorandum Decision and Order - 23**

No. 1 in civil case), and that the firearm was not on his person during the arrest (Docket No. 8 in civil case).   Those facts are irrelevant to the legality of the seizure here.  Wright was arrested on an outstanding federal warrant for violation of supervised release.  The firearm was discovered during a search incident to that arrest.  There being no valid Fourth Amendment claim, Wright's claim of ineffective assistance of counsel for failing to suppress the firearm must fail.

### c.   Failure to File a Motion to Suppress "Pre-Miranda Statements"

In Ground 7, Wright alleges that he was held for approximately 24 hours, that he did not waive his Miranda rights prior to signing the Miranda waiver, and that any statements made prior to signing the waiver should have been suppressed.

A failure to file a motion to suppress statements may constitute ineffective assistance of counsel if the underlying claim for suppression is meritorious, but such failure is not *per se* ineffective assistance of counsel.  *Moore v. Czerniak*, 534 F.3d 1128, 1138 (9th Cir. 2008) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 383-84 (1986)).  Rather, a prisoner must show that counsel's failure to do so fell below an objective standard of reasonableness.  *Id.*

As stated above, a § 2255 motion must allege specific facts.  *Rodrigues*, 347 F.3d at 824.  Mere conclusory allegations are insufficient to state a claim of

**Memorandum Decision and Order - 24**

ineffective assistance of counsel.  *Shah*, 878 F.2d at 1161.  Wright's claim is totally

lacking in specificity and is simply conclusory in nature.  Wright does not allege

when he signed the waiver or identify the pre-waiver statements that allegedly

should have been suppressed.  Accordingly, Wright's claim is subject to dismissal.

### d.      Failure to File a Motion for an Evidentiary Hearing

In Ground 11, Wright alleges that he asked his attorney to file a motion for

an evidentiary hearing and he failed to do so.  However, Wright does not allege

when he made the request and for what purpose.

Again, this claim is totally lacking in specificity and merely conclusory.

Therefore, it is subject to dismissal.

## CERTIFICATE OF APPEALABILITY

Wright cannot appeal this decision unless a Certificate of Appealability is

granted.  *See* 28 U.S.C. § 2253(c)(1)(B).  A Certificate of Appealability is issued

only where a movant has made a substantial showing of denial of a constitutional

right or raised an issue that is debatable among jurists of reason.  *See Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  Wright does not meet this standard.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED THAT Wright's Motion to

Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to

**Memorandum Decision and Order - 25**

28 U.S.C. § 2255 (Docket No. 1) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-08-14-E-BLW is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that a Certificate of Appealability shall not issue.  Wright is advised that he may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

IT IS FURTHER ORDERED that the Clerk of Court shall forward a copy of this Order to the Ninth Circuit Court of Appeals.  If requested by the Ninth Circuit, the Clerk of Court shall forward that portion of the record beginning with the filing of the 28 U.S.C. § 2255 motion.  Otherwise, the Ninth Circuit shall obtain the record from the District Court website at www.id.uscourts.gov.



DATED:  **March 29, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 26**